IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KISNER DUBOSE, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| ENHANCED RECOVERY COMPANY, | § | |
| LLC | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Kisner Dubose, ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

2. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

4. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### PARTIES

1. Plaintiff, Kisner Dubose ("Plaintiff"), is a natural person residing in the State of Texas, County of Harris, and City of Houston.

2. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant, Enhanced Recovery Company, LLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. In connection with the collection of an alleged debt in default, Defendant sent an email to tachaeblunt@yahoo.com on March 28, 2012 at 3:13 P.M. entitled "Your E-Statement."

In its email of March 28, 2012, Defendant stated, in relevant part, as follows:

"Enhanced Recovery Company, LLC

KISNER SIMS,

If you are not Kisner, please delete this email as it is not for you.
We are a collection agency and this communication is an attempt to collect a debt.
Any information obtained will be used for that purpose.  The below link will take
you to an official collection notice and will include details regarding the debt

including, but not limited to, original creditor and outstanding balance. From there you will be provided with ways to resolve or dispute the debt.

   Official Collection Notice PDF

If you have questions at any time, please call (800) 459-0815

Sincerely,
Enhanced Recovery Company, LLC
(800) 459-0815
Please do not respond to this message as it was sent from a notification-only email address. For questions regarding this message please see the contact number above.

Unsubscribe"

9. Upon information and good-faith belief, this communication was Defendant's initial communication with Plaintiff.

10. Within the above-mentioned email, the "Official Collection Notice PDF" was a hyperlink to a PDF document.

11. On the second page of the linked PDF document, Defendant placed the validation disclosures, required by 15 U.S.C. § 1692g(a).

12. By placing the required disclosures on the second page of the linked PDF, Defendant failed to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

13. Defendant's March 28, 2012 at 3:13 P.M. email was received by Plaintiff's minor daughter, Kaicee Sims, the user of the tachaeblunt@yahoo.com email account.

14. Defendant implicitly acknowledged the foreseeability that the letter would be received by a third party.

15. Despite this acknowledgment, in its email of March 28, 2012, Defendant provided its identity to a third party, Plaintiff's minor daughter, Kaicee Sims without such information being expressly requested.

16. Despite this acknowledgment, in its email of March 28, 2012, Defendant disclosing to a third party, Plaintiff's minor daughter, Kaicee Sims, the existence of the debt allegedly owed by Plaintiff.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

18. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to a third party, Plaintiff's minor daughter, Kaicee Sims, without such information being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(2)

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated 15 U.S.C. § 1692b(2) by disclosing to a third party, Plaintiff's minor daughter, Kaicee Sims, the existence of the debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b *et seq.* without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

27. Plaintiff is entitled to and hereby demands a trial by jury.

>Respectfully submitted,
>
>By: /s/ Dennis R. Kurz
>Dennis R. Kurz
>Texas State Bar # 24068183
>SD Texas State Bar# 1045205
>Dkurz@attorneysforconsumers.com
>WEISBERG & MEYERS, LLC
>Two Allen Center
>1200 Smith Street
>Sixteenth Floor
>Houston, TX 77002
>Telephone:     (888) 595-9111
>Facsimile:     (866) 565-1327
>
>*Attorney for Plaintiff*
>*KISNER DUBOSE*